PER CURIAM.
 
 *
 

 | [After she successfully passed the Louisiana bar examination, petitioner, Tiffany Ann Myles, was advised by the Committee on Bar Admissions (“Committee”) that she would not be recommended for admission until certain financial delinquencies had been adequately addressed. Thereafter, petitioner entered into payment plans with her creditors to address her delinquent obligations, and the Committee agreed to join with petitioner in seeking her conditional admission to the practice of law. On October 16, 2008, we granted the joint petition for conditional admission in
 
 In re: Myles,
 
 08-2469 (La.10/16/08), 992 So.2d 922. Pursuant to the court’s order, petitioner was admitted to the practice of law in Louisiana subject to a two-year period of probation. During that period, petitioner was ordered to provide evidence to the Office of Disciplinary Counsel (“ODC”), on at least a quarterly basis, demonstrating that she has made a good faith effort to satisfy her financial obligations. We concluded that should petitioner fail to make a good faith effort to satisfy her financial obligations, or should she commit any misconduct during the period of probation, her conditional right to practice “may be terminated or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.”
 

 12On January 13, 2010, the ODC filed a report in this court suggesting that petitioner’s conditional admission should be revoked. The ODC acknowledges that petitioner has submitted the scheduled quarterly financial reports to the ODC for January, April, July, and October 2009. However, the ODC takes issue with petitioner’s failure to obtain mandatory continuing legal education (MCLE) credits for 2009, based upon an exemption for newly admitted lawyers not engaged in the practice of law in this state or in any other state.
 

 After carefully reviewing the ODC’s filing, and petitioner’s response thereto, we see no basis upon which to terminate petitioner’s conditional admission. Petitioner has complied with the requirement that she submit quarterly financial reports to the ODC, and we find that she acted in good faith in seeking the CLE exemption in 2009. However, to clarify any misunderstanding, we direct petitioner to comply with the CLE requirements for 2010.
 

 *
 

 Chief Justice Kimball not participating in the opinion.